## DEDERICK *v.* WHITMAN AGRICULTURAL CO.[1]

*(Circuit Court, E. D. Missouri.  March 15, 1886.)*

1. PATENTS FOR INVENTIONS—BALING-PRESSES—LETTERS PATENT No. 170,998.
   The first claim of letters patent No. 170,998 is void for want of invention.
2. SAME—LETTERS PATENT No. 224,281.
   The first claim of letters patent No. 224,281 is, in view of the previous state of the art, void, unless restricted to the peculiar devices named in the combination therein described.
3. SAME—INVENTION.
   The mere change of position of an old mechanical device from one part of a machine to another to effect the same result involves no patentable invention.

In Equity.

Suit for the infringement of the first claim of letters patent No. 170,998 and the first claim of letters patent No. 224,281, both for improvements in baling-presses.

Said claims are respectively as follows:

"(1) In a press having the bale-chamber smaller than the press-box, beveling the mouth of the bale-chamber, substantially as described."

"(1) The combination of a press-box, a bale-chamber, and a reciprocating traverser, and means for increasing or diminishing at will the area of the passage between the press-box and the bale-chamber, whereby to render the sections or charges of material larger or smaller and produce bales of greater or less density, substantially as described."

*L. Hill* and *Fisher & Rowell,* for complainant.
*William H. King* and *Dyer, Lee & Ellis,* for defendant.

TREAT, J.  This suit is brought for the alleged infringements of the first claim of letters patent No. 170,998, issued to complainant December 14, 1875, and the first claim of letters patent No. 224,281, issued to complainant February 10, 1880.  The non-compliance with equity pleading and the rules of court has imposed a large amount of useless labor upon the court in order to ascertain the actual points in controversy.  Counsel for parties should be able to present exactly the points of difference upon which judgment of the court is required. After wading through for many days a useless mass of irrelevant matter the court has ascertained the actual points in controversy, involving a waste of time on its part which would have been avoided if the rules of practice had been properly observed.  Substantially, the rights of the parties are to be determined by the following considerations.

1. Was there in the first claim of patent No. 170,998 any invention patentable?  The forcing of elastic material from a larger into a smaller box by whatever motive force exercised could necessarily be facilitated by the most common mechanical contrivance, viz., bevel-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

ing the passage therefor.  There was nothing novel or calling for inventive faculty in beveling the passage.  So, irrespective of any question as to anticipatory patents, the court holds that as to said first claim of patent No. 170,998 said claim is void for want of patentable invention.  Were it otherwise, such contrivance was long before anticipated.

2. As to the first claim of patent No. 224,281, that claim is for a *combination* therein described; the description whereof is vague and indefinite.  The purpose sought to be effected was the contraction in an adjustible way of the passage from the press-box to the bale-chamber without specifying the mechanical devices whereby such a result could be effected, unless the combination is limited to the exact modes of effecting such a result.  If such limitation is not to be considered an essential part of the combination then the claim is too broad, for prior thereto modes of such flexible adjustment were well known at the discharge of the rear end of the bale-chamber and by other modes of contracting the sides of the bale-chamber.  Hence, the mere change of position of known mechanical devices from one part of the bale chamber to another to effect the same result involves no patentable invention.  Were it otherwise the court would hold that said devices had been anticipated by other patents produced in evidence.

The conclusion therefore is that the first claim of patent No. 170,-998, is void.  As to the first claim of patent No. 224,281, unless the same is restricted to the peculiar devices named in said combination the same is void.  But the defendant does not use the specific mode of effecting the result named in said patent, and consequently does not infringe.

Bill dismissed with costs.